TPA042211

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA    2017 MAR -8 AM 10: 15

TAMPA DIVISION

CASE NO.: 8:17-CV-561-T-33-JSS

RICHARD KINNEY,

       Plaintiff,

vs.

HOME PERFORMANCE ALLIANCE, INC.,

       Defendant.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, RICHARD KINNEY, through counsel, sues Defendant, HOME PERFORMANCE ALLIANCE, INC. and alleges the following:

1. This is an action for unpaid overtime brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, Et. Seq.

2. Plaintiff resides in this Court's jurisdiction and is a former employee of Defendant.

3. Defendant, HOME PERFORMANCE ALLIANCE, INC., is a domestic corporation conducting business within this judicial district. A large portion of the overtime work performed was performed in this district.

4. At all times material hereto, Defendant, HOME PERFORMANCE ALLIANCE, INC., was engaged in commerce by installing and replacing windows and doors. In furtherance of said business, Defendant's employees handled, sold, or otherwise worked on goods or materials that have been moved in or produced for

5. such commerce and further used equipment and tools that had moved in interstate commerce to fulfill their daily job responsibilities.

5. At all times material hereto, Defendant HOME PERFORMANCE ALLIANCE, INC. was the "Employer" of Plaintiff as that term is defined under the statutes referenced herein and was an "Enterprise" as it along with its employees was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more.

6. In justifiable reliance upon Defendant's representations and promises regarding Plaintiff's employment, Plaintiff RICHARD KINNEY accepted employment and began working for Defendant as a service tech/lead installer.

7. During Plaintiff, RICHARD KINNEY'S, employment from about **November 1, 2015 to on or about August 3, 2016** Plaintiff accrued damages representing unpaid half-time overtime premiums and unpaid time and a half premiums. Plaintiff is not in possession of all said records as these records are in Defendant's possession.

8. Plaintiff routinely worked an average of 45 to 50 hours per week. Defendant initially compensated Plaintiff a salary of $700 per week for all hours worked from the start of his employment until on or about April 3, 2016. Thereafter, Defendant began compensating Plaintiff an hourly wage of $20 per hour for all hours worked up to 40 in a workweek. Sporadically, Defendant compensated Plaintiff for some of his overtime hours.

9. Plaintiff worked overtime hours without proper compensation for the following, but not limited to, weeks ending: April 24, 2016, May 15, 2016, July 3, 2016, July 17, 2016, and July 24, 2016.

10. By way of example, the week ending April 24, 2016, Plaintiff worked a total of 53.5 hours that week. Defendant compensated Plaintiff for 40 hours at $20.00 per hour and compensated Plaintiff for 7.5 hours of overtime at his overtime rate of $30.00 per hour. However, Plaintiff did not receive his time-and-a-half overtime premium for 6 hours of overtime worked.

11. Defendant knowingly and willfully failed to tender payment of wages owed to Plaintiff.

12. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

13. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

14. Plaintiff reavers and realleges paragraphs 1-13 herein.

15. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) overtime premiums and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

16. Plaintiff seeks recovery of damages as referenced above and further seeks costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant for damages plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

    Goldberg & Loren, P.A.
    100 South Pine Island Rd – Suite 132
    Plantation, FL 33324
    Phone: (954)585-4878
    Facsimile: (954)585-4886
    E-Mail: JLoren@goldbergloren.com

    */s/ James M. Loren*
    James M. Loren, Esquire
    Bar No.: 55409